IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JEFFREY B. COHEN,**
    **Plaintiff,**

v.   CIVIL ACTION NO.: 3:19-CV-52
    (GROH)

**FRED ENTZEL,**
**ANGELA DUNBAR,**
**ERIC HOWELL,**
**JOHN DOE #1,**
Known as Acting Warden Keyes,
**JOHN DOE #2,**
Known as Acting Captain J. Squires,
and
**JOHN DOE #3,**
Known as Lieutenant Rodriguez,
    **Defendants.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 10, 2019, the *pro se* Plaintiff, who was then a federal prisoner incarcerated at USP Hazelton, in Bruceton Mills, West Virginia, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming denial of access to the courts and complaining about his conditions of confinement.  ECF No. 1.[1]

Following the dismissal of his complaint for failure to prosecute, his case was

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:19-CV-52, unless otherwise noted.

1

reinstate by this Court and he subsequently filed an Amended Complaint together with a motion for leave to file excess pages.  ECF Nos. 30, 31.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this action on April 10, 2019, while incarcerated[2] at FCI Hazelton.  The amended complaint filed on September 16, 2019, alleges that Defendants committed various acts of misconduct including: (1) failure to comply with Bureau of Prisons' policies, Claims 1, 2 and 14 [ECF No. 30 at 14 – 16, 33]; (2) violation of Plaintiff's due process rights, Claim 3 [Id. at 16]; (3) civil conspiracy to violate BOP policies, Claim 4 [Id. at 17]; (4) violation of Plaintiff's Fifth Amendment rights, Claims 5 and 11 [Id. at 17, 32]; (5) denial of access to the courts, Claims 6, 7, 9 and 10 [Id. at 20 – 23, 25 – 26, 31]; (6) violation of Plaintiff's Eighth Amendment rights, Claim 8 [Id. at 23]; (7) Retaliation, Claim 12 [Id. at 32]; and (8) Supervisory Liability, Claim 13 [Id. at 33]. The most recent of these claims occurred on July 17, 2019.  Id. at 26, ¶ 44.

According to the amended complaint, Plaintiff has filed various grievances, including a BP 8/9, BP10 and BP 11.  ECF No. 30 at 5.  Plaintiff did not attach copies of any of those administrative grievances to his complaint.  Id.

Although Plaintiff does not seek a specific amount of damages, he requests an award of "nominal damages".  Id. at 9, 12.   More specifically, Cohen requests "an order and judgment enjoining: 1) his further sanctioning without due process; 2) his obstruction of

---

[2] According to the Bureau of Prisons inmate locator website, Plaintiff's projected release date from BOP custody is September 19, 2046.

2

state court access; 3) the further Violation of Cohen's Fifth and Eighth Amendment rights by Defendants or any other FBOP employee." Id. at 12.

### III.  STANDARD OF REVIEW

**A.     Pro Se Litigants.**

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

3

> those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### B. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). "[F]ederal prisoners suing under Bivens [ ], must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." Id. (internal citation omitted). Thus, exhaustion through administrative remedies is clearly mandated by § 1997(e)(a) prior to seeking relief through suit pursuant to Bivens. Booth v. Churner, 532 U.S. 731, 741 (2001).

### IV. ANALYSIS

As recognized in Porter and Booth, exhaustion is a prerequisite to suit, and accordingly, Plaintiff was required to exhaust all available administrative remedies prior to filing his Bivens complaint in federal court. The United States Supreme Court has recognized that the PLRA's exhaustion requirement serves three main purposes: (1) "to eliminate unwarranted federal-court interference with the administration of prisons"; (2) to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 548

U.S. 81, 93 – 94 (2006) (internal citations omitted).

In his complaint Plaintiff asserts that he has begun the prisoner grievance procedure, and that he has appealed through the central office administrative remedy procedure through the filing of a BP 11 form. However, it is clear upon its face that such administrative appeals cannot have been exhausted in less than two months, from July 17, 2019 through the filing of the amended complaint on September 16, 2019. Moreover, Plaintiff initially filed this complaint on April 10, 2019, before many of the actions complained of in the amended complaint occurred. ECF Nos. 1, 30.

In Jones v. Bock, 549 U.S. 199, 216 (2007), the United States Supreme Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in his complaint." Although the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise," the Court held "that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought are offered through administrative avenues." Booth, 532 U.S. at 741, n.6. Several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997e(a) when prison

officials prevent a prisoner from utilizing such remedy); Aceves v. Swanson, 75 F. App'x. 295, 296 (5th Cir. 2003) ("If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner.") Consistent with other Circuits, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)).

Here, Plaintiff alleges that although he was denied administrative remedy forms while incarcerated in the Special Housing Unit (SHU), that subsequently he filed such forms. ECF No. 30 at 4 – 5.

Accordingly, the undersigned finds that Plaintiff has presented no claim that is substantial and serious enough that would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies. Further, although Petitioner may have been prevented from pursuing administrative remedies when in facility's SHU, that obstacle has now been removed and administrative remedies are pending. Accordingly, exhaustion has not occurred and this matter is premature. This failure to exhaust administrative remedies is apparent on the face of his pleadings.

In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."

See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the petition.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further **RECOMMENDED** that Petitioner's Motion for Leave to File Excess Pages [ECF No. 31] be **TERMINATED as MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the

*pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

    DATED:    September 25, 2019

        /s/ *Robert W. Trumble*
        ROBERT W. TRUMBLE
        UNITED STATES MAGISTRATE JUDGE