# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JEFFREY B. COHEN,**

    Plaintiff,

v.                        **CIVIL ACTION NO.: 3:19-CV-52 (GROH)**

**FRED ENTZEL,
ANGELA DUNBAR,
ERIC HOWELL,
JOHN DOE #1,
Known as Acting Warden Keyes,
JOHN DOE #2,
Known as Acting Captain J. Squires, and
JOHN DOE #3,
Known as Lieutenant Rodriguez,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 32] on September 25, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's amended complaint [ECF No. 30] be dismissed without prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions

of the magistrate judge to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order.  28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The R&R was mailed to the Plaintiff on September 25, 2019.  ECF No. 32.  The Plaintiff accepted service on September 30, 2019.  ECF No. 33.  The Plaintiff filed his objections on October 11, 2019.[1]  ECF No. 34.  Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

## II. Discussion

In his R&R, Magistrate Judge Trumble recommends that Plaintiff's complaint be dismissed because he failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act (PLRA).  Specifically, Judge Trumble notes that Plaintiff claims he filed a BP-11 form on July 17, 2019, which was less than two months before he filed his amended complaint.  Based on the face of Plaintiff's complaint, Judge Trumble finds it improbable for Plaintiff to have exhausted his administrative remedies in such a short period of time since Plaintiff's BP-11 form is still pending review.  Furthermore, Judge Trumble finds that Defendants' actions did not render the grievance process unavailable because Plaintiff filed administrative remedy forms after allegedly being

---

[1] Plaintiff resubmitted identical objections [ECF No. 36] on October 18, 2019.

2

denied access to such forms while incarcerated in the Special Housing Unit (SHU).

In his objections, Plaintiff first contends that Judge Trumble misconstrued a supporting fact underlying Claim 9 (Obstruction of Meaningful Court Access). Plaintiff avers that on July 17, 2019, he received access to his legal documents after being confined in the SHU for two months. Plaintiff argues that this fact supports Claim 9 as opposed to providing the basis for a separate claim. Second, Plaintiff contends that Judge Trumble mistakenly noted that he did not attach copies of his submitted administrative remedy forms to his amended complaint. Plaintiff argues that these forms show that he "exhausted remedies for his court access claims between October 2017 and January 2018." ECF No. 34 at 2. Lastly, Plaintiff argues that he has exhausted his administrative remedies because Defendants' failure to respond to his appeal rendered the grievance process unavailable.

Plaintiff is correct that administrative remedy forms were attached to his amended complaint. See ECF No. 30-6. However, these administrative remedy forms only pertain to Claims 6 and 7 (Obstruction of Meaningful Court Access) of his amended complaint. In his declaration,[2] Plaintiff claims that he submitted BP-8, BP-9, BP-10, and BP-11 forms from August 7, 2018 through October 23, 2018 regarding improper sanctions. Moreover, Plaintiff noted in his objections that he has copies of the "applicable administrative remedy documentation." ECF No. 34 at 3, n.2. Yet, none of these forms are attached to his amended complaint for review. Therefore, the Court is unable to confirm whether Plaintiff exhausted all administrative remedies on these claims.

---

[2] See ECF No. 34-1.

Upon review of the attached administrative remedy forms, the Court finds that Plaintiff did not exhaust his remedies. On January 11, 2018, the Administrative Remedy Coordinator for the Mid-Atlantic Regional Office rejected Plaintiff's appeal for failure to first "file a BP-9 request through the institution for the warden's review and response before filing an appeal at this level." See ECF No. 30-6 at 6. "[T]o exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim, including the prison's rules for filing an appeal." Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002). While Plaintiff argues that Defendants did not respond to his BP-11 request, he clearly skipped over multiple steps in the grievance process when filing his request for appeal. Based on Plaintiff's inability to adhere to the rules governing the grievance process, the Court finds that Plaintiff has not exhausted his administrative remedies as required under the PLRA.

### III. Conclusion

Accordingly, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 32] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Plaintiff's Amended Complaint [ECF No. 30] is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff's Motion for Leave to File Excess Pages [ECF No. 31] is **DENIED AS MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** February 27, 2020

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE